UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PROMOTE INNOVATION LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-964-TWP-TAB |
| ) | |
| ROCHE DIAGNOSTICS CORP., ) | |
| ROCHE DIAGNOSTICS ) | |
| OPERATIONS, INC., ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S SUBMISSION ON BILLS OF COSTS**

Promote Innovation ("Promote") brought a *qui tam* action against Roche Diagnostics Corporation and Roche Diagnostics Operations, Inc., (collectively "Roche"). The Court granted Roche's motion to dismiss. Roche is now requesting that its costs in the amount of $11,734.90 be taxed against Promote, pursuant to 28 U.S.C. §1920 (Dkt. 125). The issue before the Court is Promotes' Objection to Bill of Costs (Dkt. No. 126).

Promote makes an array of arguments in its objection to costs. First, Promote claims that items E and F of Roche's bill of costs (exemplification and copies dealing with electronic data discovery) are not valid because they were not informed of the search terms Roche was using, the work was for Roche's convenience, and the costs do not fall within any of the statutory categories under 28 U.S.C. § 1920. Second, Promote objects to item B on Roche's bill of costs ($1,179.10 in charges for copies made by Pitney Bowes). Promote claims they should not be liable for these costs because Roche did not provide invoices from Pitney Bowes regarding the charges. Third, Promote objects to $1,694.81 in costs Roche incurred from scanning documents in color, rather than black and white. Finally, Promote claims it should not

1

have to pay any costs because it was acting in the public interest by bringing the lawsuit as a *qui tam* relator to help the United States enforce the false marking statute.

The district court is vested with considerable discretion when awarding costs. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 453 (7th Cir. 1998) (applying abuse of discretion standard). However, should the Court decide to disallow any or all the costs, it must provide some reasoning for the denial. See *Gardner v. Southern Railway Systems*, 675 F.2d 949 (7th Cir. 1982). The prevailing party bears the burden of showing that the requested costs are allowed under § 1920. *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D. Va. 1998). Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing these costs. *Id*. If the Court finds that the costs were reasonably necessary at the time they were incurred, it should award the costs. *Lavay Corp. v. Dominion Federal Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

Promote's arguments regarding Roche's use of electronic discovery are unavailing. Roche used techniques such as date restriction, custodian filters (which allow the collection of electronic information from only the necessary parties), and de-duplication (an efficient way to collect electronic data without redundancy). Roche also used a Technology Services Specialist to repair corrupted electronic documents and fix database errors. Promote claims that they were unaware of the specific search terms used, and that this process was for Roche's convenience. However, they provided no evidence showing Roche used improper search terms, or that it was unnecessary to use search terms. Furthermore, the Court does not believe the electronic discovery was done only for Roche's convenience. In fact, if Roche had not used the more efficient electronic processes above, the cost to manually find and produce the information could have been far greater.

Promote also argues that these costs should not be granted because they are not within the statutory categories of 28 U.S.C. § 1920. However, the Seventh Circuit has ruled that district courts have the discretion to allow the recovery of costs for electronic discovery. *See* e.g., *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (ruling the district court did not abuse its discretion by allowing the Defendant to recover costs from converting computer data into a readable format); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) ("[w]e find no limits in the term exemplification that would…preclude [a court] from compensating a party…for computer-based, multimedia displays.").

In sum, Promote did not prove that using the electronic discovery process described above was unnecessary for Roche to prepare for litigation. Therefore, these costs shall be granted.

Promote's next argument is that it should not have to pay for Roche's costs incurred from Pitney Bowes because Roche provided no invoices for these costs. However, Exhibit C shows monthly invoices documenting costs incurred from Pitney Bowes' services. Thus, this argument is rejected and the costs are granted.

Next, Promote objects to paying the $1,694.81 in charges Roche incurred from scanning documents in color rather than black and white. A calculation from the exhibits shows the total costs for scanning in color was $1,705.00. Promote argues that the additional costs of scanning in color rather than black and white was $1,694.81. Since Roche did not provide reasons for using color rather than black and white, the Court will not require Promote to pay the additional $1,694.81.

Finally, Promote argues it should not have to pay any costs because it was acting in the public interest by brining the lawsuit as a *qui tam* relator to help the United States enforce the

false marking statute; and if anything, it should only be required to pay half of any allowable costs. However, Promote did not provide -- and the Court cannot find -- any precedent holding that *qui tam* relators are immune from costs. Consequently, this argument is rejected.

For the reasons set forth above, Defendant's Bill of Costs (Dkt. 125) shall be **GRANTED** in part and **DENIED** in part. The Court finds that Defendant is entitled to recover under 28 U.S.C. §1920 the sum of $10,040.09. Costs will be taxed in Defendant's favor on their bill of costs in the total sum of $10,040.09.

SO ORDERED.

DATE: 08/09/2011

                                                                                         Hon. Tanya Walton Pratt, Judge
                                                                                         United States District Court
                                                                                         Southern District of Indiana

Distribution attached.

Distribution to:

Daniel Paul Albers
BARNES & THORNBURG
dalbers@btlaw.com

Matthew J. Antonelli
ANTONELLI HARRINGTON & THOMPSON LLP
matt@ahtlawfirm.com

John Paul Bjork
Vanek Vickers & Masini
jbjork@vaneklaw.com

Robert David Cheifetz
SPERLING & SLATER, P.C.
robc@sperling-law.com

Martin Goering
EUGENE M. CUMMINGS, P.C.
mgoering@emcpc.com

Zachariah S. Harrington
ANTONELLI HARRINGTON & THOMPSON LLP
zac@ahtlawfirm.com

Paul B. Hunt
BARNES & THORNBURG LLP
paul.hunt@btlaw.com,lori.robertson@btlaw.com,cstamas@btlaw.com

Joshua P. Larsen
BARNES & THORNBURG LLP
jplarsen@btlaw.com,joshualarsen@gmail.com

Jessica Elyse Rissman
Law Offices of Eugene M. Cummings, P.C.
jrissman@emcpc.com

Bruce S. Sperling
Sperling & Slater P.C.
bss@sperling-law.com

Larry D. Thompson , Jr
ANTONELLI HARRINGTON & THOMPSON LLP
larry@ahtlawfirm.com

Nancy G. Tinsley
ROCHE DIAGNOSTICS OPERATIONS, INC.
nancy.tinsley@roche.com

Joseph Michael Vanek
VANEK VICKERS, & MASINIS, P.C.
jvanek@vaneklaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov,melanie.crouch@usdoj.gov