UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PROMOTE INNOVATION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-00964-TWP-TAB |
| | ) | |
| ROCHE DIAGNOSTIS CORPORATION and | ) | |
| ROCHE DIAGNOSTIS OPERATIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR REVIEW OF COSTS AND RELATED MATTERS

### I. Introduction

Before the Court is Plaintiff Promote Innovation's ("Promote") Motion for Review of Costs Taxed by the Clerk [Docket No. 134], as well as related matters. In reality, this motion is more properly characterized as a motion for reconsideration of this Court's prior ruling on costs, which the Clerk then taxed in accordance with that ruling. Promote has not set forth sufficient justification for revisiting the prior ruling on costs and therefore, as more fully set forth below, Promote's motion is **DENIED** and the Court otherwise declines to modify its prior ruling on costs.[1]

### II. Background

Promote brought a *qui tam* action against Roche Diagnostics Corporation and Roche Diagnostics Operations, Inc. (collectively, "Roche"). On June 3, 2011, the Court granted Roche's motion to dismiss and entered judgment in favor of Roche and against Promote.

---

[1] Promote's Motion for Review of Taxed Costs [Docket No. 134] was referred to the Magistrate Judge for a Report and Recommendation. [Docket No. 142.] Upon closer review, however, it is apparent that Promote is asking for a review of the District Judge's prior ruling on costs. Therefore, this motion is more properly one for consideration by the District Judge. Accordingly, the District Judge vacates the order of reference.

[Docket Nos. 122, 123.] On June 16, 2011, Roche submitted its bill of costs for $11,734.90. [Docket No. 125.] Promote raised a number of objections to the bill of costs. [Docket No. 126.] For example, Promote objected that copying fees were charged at an "exorbitant" rate; that fees for the selection of electronic documents for production did not fall within any of the statutory categories of recoverable costs under 28 U.S.C. § 1920; that the charges for color copying were unnecessary; and that Promote should not have to pay any costs because it was acting in the public interest in bringing this lawsuit as *qui tam* relator. [*Id.*]

On August 9, 2011, the Court granted in part and denied in part Roche's bill of costs, finding that Roche was entitled to recover $10,040.09. [Docket No. 132.] Specifically, the Court granted all of Roche's bill of costs except item B ($1,694.81 in costs for color copying). That same day, the Clerk taxed costs against Promote in the amount of $10,040.09. [Docket No. 133.] Despite this prior challenge to Roche's bill of costs, on August 15, 2011 Promote filed the instant motion for review of costs taxed by the Clerk. [Docket No. 134.] This motion asks the Court to reconsider its decision to tax costs based upon many of the same objections. However, this time around, Promote—with the benefit of the Court's prior ruling in hand—has fleshed out its arguments with further detail and authority. On August 29, 2011, Roche filed its response in opposition to Promote's motion. [Docket No. 135.] In this opposition brief, Roche for the first time asked the Court to reconsider its decision not to tax the costs of color copying. [Docket No. 135.]

But the briefing did not stop there. On November 29, 2011, after passage of the Leahy-Smith America Invents Act, 35 U.S.C. § 292, Promote filed (with leave of Court) a supplemental brief in support of its motion for review of costs taxed by the Clerk. [Docket No. 141.] The

Leahy-Smith Act retroactively eliminated the ability of *qui tam* relators like Promote to maintain false marketing lawsuits. [*Id.*] In its supplemental brief, Promote argues that Roche should not be considered a "prevailing party" and that, in any event, should not be awarded costs because Promote lost the ability to continue its appeal for reasons unrelated to the merits of its case and through no fault of its own. [*Id.*]

Promote's briefing was still not done. On March 23, Promote filed a motion for leave to file a second supplemental brief in support of its motion for review of costs taxed by the Clerk. [Docket No. 143.] Roche objected to this latest filing, stating in relevant part, "Defendants oppose Plaintiff's efforts to continue filing brief after brief on an issue that this Court has already decided." [Docket No. 144 at 1.]

### III. Discussion

Federal Rule of Civil Procedure 54(d) addresses the award of costs. This rule provides in relevant part, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party…. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Rule 54(d) does not indicate when the motion for taxation of costs must be made. However, Local Rule 54-1 provides that a party "cannot recover attorney's fees and costs unless the party serves a bill of costs and a motion for fees within 14 days after final judgment is entered."

Roche filed its motion for costs within 14 days after the final judgment was entered. However, rather than waiting for the Clerk to tax costs, and then filing a motion challenging the award, Promote filed its objections before the Clerk taxed costs. Consistent with the language of

3

Rule 54(d), the review of costs by the trial court typically occurs after the Clerk has made a determination on the bill of costs. However, some courts act on motions to tax costs prior to any action by the Clerk, and that is what happened in the case at bar. The Court addressed the "array of arguments" Promote offered [Docket No. 132 at 1], and even agreed with Promote that Roche's request for costs for color copies should be reduced by $1,694.81. [*Id*. at 3.] Unhappy that its objections were otherwise overruled, Promote sought a second bite of the apple by way of its motion for review of costs taxed by the Clerk. [Docket No. 134.] As a result, regardless of the nomenclature Promote uses on its motion, what Promote really is asking the Court to do is reconsider its prior ruling.

"It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011); *see also Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 904 (7th Cir. 2009) ("While plaintiffs may have been able to provide evidence to show the reasonableness of at least some of the audit costs, that is now a moot point. The time for plaintiffs to have made the effort to do so was before the Court's ruling, not in a motion to reconsider."); *Thorton v. St. Anne Home of the Diocese of Fort Wayne-South Bend Inc.*, No. 1:09-CV-145-RM, 2011 WL 4732848, at *2 (N.D. Ind. Oct. 3, 2011) ("When an item is considered a cost that can be taxed under 28 U.S.C. § 1920, the court can't reconsider whether the amount or manner they were taxed is correct. Motions to correct costs must to be brought under Rule 54 in the time allotted.").

As a result, Promote is out of luck. The Court will not revisit its ruling on Roche's bill of costs as Promote requests. Nor will the Court allow Promote to file its second supplemental brief in support of its challenge to the order on costs. [Docket No. 143.] As noted above, Roche objected to Promote's attempt to file yet another brief, aptly stating in relevant part, "Defendants oppose Plaintiff's efforts to continue filing brief after brief on an issue that this Court has already decided." [Docket No. 144 at 1.] The Court agrees. Promote's motion for leave to file a second supplemental brief in support of its motion to retax costs [Docket No. 143] is **DENIED**.

This does not end the Court's inquiry. On the contrary, as set forth above, a motion to reconsider is appropriate where a significant change in the law has occurred. *Broaddus*, 665 F.3d at 846. Promote's supplemental brief in support of its motion for review of costs [Docket No. 141] refers to the Leahy-Smith America Invents Act, which post-judgment retroactively eliminated the ability of *qui tam* relators like Promote to maintain false marketing lawsuits. [*Id.*] This is a change in the law that arguably permits the Court to reconsider its prior ruling. Promote contends that because of this change Roche should not be considered a "prevailing party" and that an award of costs would be inappropriate because Promote lost the ability to continue its appeal through no fault of its own. [*Id.*]

Despite the new law's retroactivity, it seems fundamentally unfair to overturn a relatively modest $10,040.09 costs award because of a post-judgment change in the law. As the Eighth Circuit similarly recognized in *Slagenweit v. Slagenweit*, 63 F.3d 719, 720–21 (8th Cir. 1995):

> The district court properly concluded that it need not vacate its prior award of costs to [the defendant]. Even though the underlying judgment had been vacated, it was within the court's discretion to consider an award of costs because [the defendant] was the prevailing party between the time the district court dismissed [the plaintiff's] petition and the time we vacated the judgment as moot…. [The defendant] was haled into court and forced to defend by [the plaintiff], won in the

5

> district court, and then saw the case mooted …. The district court did not abuse its discretion in concluding that [the defendant] was entitled to his costs.

*See also Palmer v. City of Chi.*, 806 F.2d 1316, 1321 (7th Cir. 1986) ("You can also win, we may assume without having to decide, if after some relief has been obtained the case becomes moot—is in effect interrupted before it can reach its normal conclusion (unless the [prevailing party] caused it to become moot)."). In light of these holdings, the Court declines to exercise its discretion to set aside the costs order in light of the changed legal landscape upon which Promote positions its argument.[2]

One final issue remains. In response to Promote's motion for review of costs taxed, Roche included in its brief a request that the Court allow $1,694.81 in color copying costs that the Court disallowed. [Docket No. 135 at 6.] The Court declines to do so. First, Rule 54(d) provides that the Court may review the Clerk's action on a bill of costs "[o]n motion served within the next seven days …." Roche's response brief is not a "motion," and the brief was served/filed on August 29, 2011—20 days after the Clerk taxed costs on August 9, 2011. [Docket Nos. 133, 135.] Even ignoring these problems, the request fails on the merits. Roche contends that the color copies were needed "to ensure that the color graphics and text of those documents would be readable when produced." [Docket No. 135 at 6.] A comparison of the black and white versus the color copies demonstrates that the color copies are easier to read, but the black and white copies are decipherable. [Docket No. 136.] Moreover, if Roche thought more expensive color copies were necessary, Roche should have attempted to reach some stipulation with Promote for reimbursement of these additional costs. Roche did not do so at the

---

[2] Although the Court indicated that it would not revisit its ruling on Roche's bill of costs, it is simply not possible to address the motions before the Court without re-examining the prior costs order to some degree. This review confirms that Promote's motion for review of costs [Docket No. 134] is simply unavailing, and that Roche's objections filed in response to Promote's motion are well taken. [Docket No. 135.]

6

time of production, and the Court—having previously concluded that the costs of color copies were not recoverable— declines to revisit this issue now.

## IV. Conclusion

The referral to the Magistrate Judge of Promote's latest challenge to the award of costs is vacated [Docket No. 142], as it is apparent that Promote is really seeking reconsideration of the District Judge's prior ruling on costs. Promote's motion for leave to file a second supplemental brief in support of its motion to retax costs [Docket No. 143] is denied, as Roche's objections to that motion are well taken. [Docket No. 144.] As set forth above, the Court declines to reconsider or otherwise modify its prior order on costs. Accordingly, Promote's motion for review of costs taxed by Clerk [Docket No. 134], as well as the request for additional costs set forth in Roche's response brief [Docket No. 135], are **DENIED**.

SO ORDERED.    03/29/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daniel Paul Albers
BARNES & THORNBURG
dalbers@btlaw.com

Matthew J. Antonelli
ANTONELLI HARRINGTON & THOMPSON LLP
matt@ahtlawfirm.com

Zachariah S. Harrington
ANTONELLI HARRINGTON & THOMPSON LLP
zac@ahtlawfirm.com

Paul B. Hunt
BARNES & THORNBURG
paul.hunt@btlaw.com

Joshua P. Larsen
BARNES & THORNBURG
jplarsen@btlaw.com

Larry D. Thompson, Jr.
ANTONELLI HARRINGTON & THOMPSON LLP
larry@ahtlawfirm.com

Nancy G. Tinsley
ROCHE DIAGNOSTICS OPERATIONS, INC.
nancy.tinsley@roche.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov